**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **MARKETING ON HOLD, INC. d/b/a SOUTHWESTERN TARIFF ANALYST,** <br> **Plaintiff,** | |
| -vs- | Case No. A-10-CA-104-SS |
| **WALLACE B. JEFFERSON, CHIEF JUSTICE; NATHAN L. HECHT, JUSTICE; HARRIET O'NEILL, JUSTICE; DALE WAINWRIGHT, JUSTICE; DAVID MEDINA, JUSTICE; PAUL W. GREEN, JUSTICE; PHIL JOHNSON, JUSTICE; DON R. WILLETT, JUSTICE; and EVA GUZMAN, JUSTICE, in their official capacities,** <br> **Defendants.** | |

**O R D E R**

BE IT REMEMBERED on July 12, 2010, the Court held a hearing in the above-styled cause, and the parties appeared through counsel. Before the Court were Defendants Wallace B. Jefferson, Nathan L. Hecht, Harriet O'Neill, Dale Wainwright, David Medina, Paul W. Green, Phil Johnson, Don R. Willett, and Eva Guzman's (collectively, "Defendants") Motion to Dismiss [#10], and Plaintiff Marketing on Hold, Inc.'s ("Plaintiff") response in opposition thereto [#12]; and Defendants' Motion to Dismiss the First Amended Complaint [#15], to which no response was filed. As an initial matter, Defendants' first motion to dismiss may be DISMISSED as moot, as it was superseded by the filing of Defendants' motion to dismiss the First Amended Complaint. Because Plaintiff has not filed a response to Defendants' motion to dismiss the First Amended Complaint, the Court may grant the motion as unopposed. *See* Local Rule CV-7(d). Nevertheless, the Court has

considered Plaintiff's response to Defendants' initial motion to dismiss, and will construe any arguments from that motion to apply to the second motion to dismiss, to the extent they are applicable. Thereafter, having considered all the aforementioned documents, the relevant law, the case file as a whole, and the arguments of counsel at the hearing, the Court enters the following opinion and orders.

**I.      Background**

Plaintiff filed this 42 U.S.C. § 1983 action for prospective declaratory relief against Defendants, the Justices of the Texas Supreme Court, in their official capacities. Am. Compl. at ¶ 1. Plaintiff argues its due process rights under the Fourteenth Amendment have been violated by Defendants' failure to conclude an interlocutory appeal of a class certification order, which has been pending before the Texas Supreme Court for over four years, with nearly three years since oral arguments. *Id.* Plaintiff is a party to the interlocutory appeal.

Plaintiff claims declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 is appropriate in this case because Plaintiff has no viable post-deprivation relief, is being subjected to ongoing irreparable harm, and has no viable means for locating and preserving evidence until after the certification appeal is concluded. *Id.* at ¶¶ 58-71. Plaintiff asks for declaratory judgment of the following: (1) Plaintiff and the class are currently being deprived and will continue to suffer deprivation of their constitutional due process right to a decision at a meaningful time and in a meaningful manner, as a result of the delay caused by the Justices during the appeal; (2) Plaintiff and the class are currently being deprived and will continue to suffer deprivation of their constitutional due process right to a fair trial before an unbiased justice; (3) Plaintiff and the class are being indefinitely deprived of their legal right to judicial access; and (4) the Justices and the Texas

Supreme Court are constitutionally bound to make a decision at a meaningful time and in a meaningful manner, and to provide a fair trial before unbiased justices. *Id.* at ¶ 72.

### A.    The Underlying Class Action and the Interlocutory Appeal

This case arose out of a state class action suit (the "Underlying Class Action") that was filed by Plaintiff on May 4, 2000 in Cameron County District Court. In the Underlying Class Action, Plaintiff sues Southwestern Bell Telephone Company ("SWBT," now AT&T Texas) on behalf of nearly 7,000 business, institutional, and governmental customers of SWBT throughout Texas for improper pass-through and collection of certain fees. Plaintiff asserts claims for breach of contract, unjust enrichment, breach of express warranty for services, and negligence per se (for illegally charging municipal fees). The Underlying Class Action still remains to be litigated in Cameron County District Court.

In January 2003, the Cameron County District Court held a four-day class certification hearing, and the district court certified the class on May 1, 2003. On May 12, 2003, SWBT appealed the decision to the Thirteenth Court of Appeals, which affirmed the district court's certification in 2005. SWBT filed a petition for review with the Texas Supreme Court on November 5, 2005. The petition was granted by the Texas Supreme Court on February 23, 2007, and oral arguments on the interlocutory appeal of the certification order (the "Interlocutory Appeal") were heard on March 22, 2007.

### B.    The Federal Lawsuit

At the time this federal lawsuit was filed, on February 11, 2010, the Interlocutory Appeal had been pending in the Texas Supreme Court for over four years without a decision. Compl. [#1] at ¶ 1. But in its First Amended Complaint (filed on April 28, 2010), Plaintiff concedes that on February

19, 2010—eight days after this lawsuit was filed—the Texas Supreme Court did finally issue an opinion, in which it reversed the trial court and de-certified the class. First Am. Compl. [#11] at ¶ 6. Justice Wainwright wrote the opinion, and was joined by Justices Hecht, Green, Johnson, and Willett; Justice O'Neill dissented, joined by Chief Justice Jefferson and Justice Medina.[1] *Id.*

However, Plaintiff claims its due process rights are ***still*** being violated by Defendants in spite of the fact an opinion has been issued—namely, because Plaintiff filed a motion for rehearing on March 24, 2010, and thus Plaintiff and the class are "continuing to be delayed," and because Plaintiff also filed a motion to recuse Justice Wainwright on the same day, and thus Plaintiff and the class are "at a serious risk of actual bias in deciding the motion for rehearing."[2] *Id.* at ¶ 7, 10. Plaintiff alleges that according to Texas Supreme Court procedures Justice Wainwright's chambers is responsible for processing Plaintiff's motion for rehearing because he wrote the majority opinion, and it will be his staff who will prepare a memo to the rest of the Texas Supreme Court recommending whether to grant or deny the motion for rehearing. *Id.* Thus, Plaintiff claims it is still being deprived of due process by the continuing acts or omissions of Defendants because the motion for rehearing is subjecting Plaintiff to further delay and risk of actual prejudice. *Id.* at ¶ 8.

On May 7, 2010, Plaintiff's motion for a hearing and motion for recusal in the Interlocutory Appeal were both denied by the Texas Supreme Court. *See Southwestern Bell Tel. Co. v. Marketing On Hold, Inc.*, Cause No. 05-0748, Docket Sheet. The Court issued its mandate on May 11, 2010. *Id.* Since that date, Plaintiff has not filed any pleading or motion in this Court. On May 17, 2010,

---

[1] Justice Guzman, a newly appointed justice, did not participate. *Id.*

[2] The motion to recuse is based on the fact Justice Wainwright's website contains an endorsement page that lists Richard M. Parr—SWBT's Chief Counsel and an attorney of record representing SWBT in the Underlying Class Action—as one of his endorsers. Plaintiff claims this indicates a serious risk of actual bias exists on the part of Justice Wainwright. *Id.* at ¶ 7.

Defendant filed a second motion to dismiss Plaintiff's First Amended Complaint. *See* Defs.'s 2d Mot. Dismiss [#15]. As stated above, Plaintiff has not a timely response to Defendant's second motion to dismiss.

## II.     Legal Standards

In their second motion to dismiss, Defendants seek to dismiss the above-styled cause pursuant to Federal Rule of Civil Procedure 12(b)(1) because this Court lacks subject matter jurisdiction or, in the alternative, under Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted. Defs.'s 2d Mot. Dismiss.

### A.     Standard for Dismissal Under Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction, and they may only exercise such jurisdiction as is expressly conferred by federal statute. *See Le Mieux Bros. v. Tremont Lumber Co.*, 140 F.2d 387, 389 (5th Cir. 1944). Federal Rule of Civil Procedure 12(b)(1) provides the vehicle through which subject matter jurisdiction may be challenged. Thus, the burden of establishing subject matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citations omitted).

In evaluating a challenge to subject matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied that jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations of the complaint as true and draw all inferences in the plaintiff's

favor. *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B. Standard for Dismissal Under Rule 12(b)(6)

In deciding whether to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the Court must take the factual allegations as true, resolving any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Dismissal is appropriate where the complaint is devoid of facts to establish any one of the required elements of the claim asserted. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-1965 (2007) (internal citations omitted). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S. Ct. at 1949. Thus, a complaint

that "tenders naked assertions devoid of further factual enhancement," or puts forth "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* (internal citations omitted).

### III.   Analysis

Defendants advance two arguments in support of their Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction: (1) the *Rooker-Feldman* doctrine and (2) mootness. *See* Def.'s 2d Mot. Dismiss at 5-7. Alternatively, they argue Plaintiff's claims are barred by the doctrine of absolute judicial immunity. *Id.* at 7.

#### A.   *Rooker-Feldman* Doctrine

First, Defendants assert Plaintiff's case is "an impermissible collateral attack on a final, state court judgment, and is jurisdictionally barred by the *Rooker-Feldman* doctrine." *See* Defs.' Mot. Dismiss [#15] at 5. Defendants argue the judgment of the Texas Supreme Court in this matter was issued on February 19, 2010 and is now final, and thus *Rooker-Feldman* applies. *Id.* at 5-6.

The *Rooker-Feldman* doctrine precludes federal district courts from exercising subject matter jurisdiction over collateral attacks on state court judgments. *Rooker v Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). In the past, the doctrine was sometimes "construed to extend far beyond the contours of the *Rooker* and *Feldman* cases"; however, the United States Supreme Court recently held the *Rooker-Feldman* doctrine is confined solely to those cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered ***before*** the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (emphasis added). The Supreme Court explicitly limited the application of the

*Rooker-Feldman* doctrine in *Exxon Mobil*, explaining that a situation in which there "is parallel state and federal litigation" and "a judgment is entered in the state court" cannot trigger *Rooker-Feldman*. *Id.* at 292. Instead, *Rooker-Feldman* requires a situation where "the losing party in state court file[s] suit in federal court ***after*** the state proceedings [have] ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id.* at 291-92 (emphasis added). In such a case, the federal district court has no jurisdiction to review the state judgment under *Rooker-Feldman*, as the United States Supreme Court is the only federal court with appellate authority to reverse or modify a state court judgment. *Id.* at 292. However, where the federal case is filed before the state proceedings end, the existence of the state case does not strip the federal court of subject matter jurisdiction.

Under this limited characterization of *Rooker-Feldman*, the doctrine cannot apply to the instant action because Plaintiff is not "complaining of injuries caused by state-court judgments rendered ***before*** the district court proceedings commenced." *Id.* at 284 (emphasis added). Plaintiff undisputedly commenced the proceedings in this Court before any decision was issued by the Texas Supreme Court; thus, at the time Plaintiff filed the instant case, Plaintiff was not a "state-court loser." The Texas Supreme Court issued its decision decertifying the class in the Underlying Class Action on February 19, 2010, eight days after Plaintiff filed the instant case in this Court. The *Exxon Mobile* opinion specifically states the entry of a final judgment in a state court case ***after*** the federal suit is filed will not "trigger" the *Rooker-Feldman* doctrine. Therefore, because Plaintiff filed this

federal action before a final judgment was entered in the Interlocutory Appeal, the *Rooker-Feldman* doctrine is inapplicable. Defendant's motion to dismiss is therefore DENIED on this ground.[3]

### B. Mootness

Defendants also claim Plaintiff's suit must be dismissed in its entirety for lack of jurisdiction because it was rendered moot by the issuance of the Texas Supreme Court's February 19, 2010 opinion in the Interlocutory Appeal. Def.'s 2d Mot. Dismiss at 7-9.

Federal courts are granted jurisdiction pursuant to Article III of the United States Constitution for actual cases and controversies. U.S. CONST., art. III, sect. 2; *Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998). In general, any set of circumstances which "eliminates actual controversy after the commencement of a lawsuit renders [the] action moot." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). An action will not be declared moot "[a]s long as the parties maintain a concrete interest in the outcome and effective relief is available to remedy the effect of the violation[.]" *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 527 (5th Cir. 2008) (quoting *Dailey*, 141 F.3d at 227) (internal quotations omitted). However, "[a] controversy becomes moot where, as the result of intervening circumstances, there are no longer adverse parties with sufficient legal interest to maintain the litigation[.]" *In re Scruggs*, 392 F.3d 124, 128 (5th Cir. 2004) (quoting *Chevron, U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993)). As the Supreme Court has explained, "it is not enough that a dispute was very

---

[3]The Court notes, however, that to the extent Plaintiff might seek to file a Second Amended Complaint asserting a due process claim on the basis of Justice Wainwright's failure to recuse himself, this claim most likely ***would*** be barred by the *Rooker-Feldman* doctrine, as it would be a claim brought by a "state-court loser" after a final judgment was entered in a state- court case complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. *See id.* at 291-92. In such a case, this Court would have no jurisdiction to review the state judgment under *Rooker-Feldman*, as the United States Supreme Court is the only federal court with appellate authority to reverse or modify a state court judgment. *Id.* at 292.

much alive when the suit was filed; [t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal quotations omitted). Thus, although "a justiciable controversy may have existed at the time litigation was commenced, the action must be dismissed for want of jurisdiction if the controversy ceases to exist at some point in the litigation." *Dailey*, 141 F.3d at 227 (citing *Calderon v. Moore*, 518 U.S. 149, 149-51 (1996)).

In the instant case, Defendants are correct that the Texas Supreme Court's decision on February 19, 2010 effectively eliminated the justiciable controversy. Although Plaintiff claims in its First Amended Complaint that the appeal (and thus the deprivation of due process) is still ongoing because the Texas Supreme Court has not yet ruled on Plaintiff's motion for rehearing and for recusal, s*ee* First Amend. Compl. at 5-6, this is no longer the case. Since April 28, 2010, when Plaintiff filed its First Amended Complaint, the Texas Supreme Court ***has*** decided Plaintiff's motion for rehearing and for recusal (on May 7, 2010). *See* Pl.'s Resp. [#12] at 3. By denying Plaintiff's motions and issuing a mandate, the Texas Supreme Court has undisputedly entered a final judgment, which Plaintiff can appeal to the United States Supreme Court if it chooses to do so. Thus, it appears there is no longer a "continuing delay" of the appeals process that hampers Plaintiff from obtaining relief, *see* Pl.'s Resp. at 10, and the actual controversy in this case has therefore been remedied.[4]

---

[4]To the extent Plaintiff may argue it can still maintain a claim for declaratory relief with respect to any ***past*** delay in the Texas Supreme Court's decision in the Interlocutory Appeal, this claim would be barred by the Eleventh Amendment. Suits against state officials in their official capacity are barred to the same degree as suits against the state itself. *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004). Although the *Ex parte Young* doctrine is a narrow exception to this rule, the *Ex Parte Young* doctrine requires that a plaintiff properly plead a state official's ongoing violation of federal law. *See e.g., Green v. Mansour*, 474 U.S. 64, 68 (1985). Here, because the Interlocutory Appeal is no longer before the Texas Supreme Court, it appears Plaintiff cannot claim any "ongoing" violation of federal law (and does not attempt to).

Plaintiff's counsel argued at the hearing that regardless of the recent final judgment entered by the Texas Supreme Court, this Court may still declare there is a continuing denial of due process and that Plaintiff has not had a meaningful hearing because of the lengthy delay. In Plaintiff's response, it emphasizes the fact it seeks only a declaration that the delay in question violated its constitutional right to due process, as was the case in *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697 (9th Cir. 1992), and not any sort of injunctive relief. In *Eu*, the plaintiff sought a declaration the persistent delays in the Los Angeles Superior Court violated the federal and state constitutions, and the Ninth Circuit found the controversy was justiciable. *See* Pl.'s Resp. at 4 (citing *Eu*, 979 F.2d at 703). However, in that case the Ninth Circuit specifically considered the issue of mootness and found that although the lawsuit before the Los Angeles Superior Court in which plaintiff had been involved at the time of filing had "been resolved during the pendency of these proceedings," there nonetheless remained a live case or controversy because it was undisputed "the [plaintiff] remains a party to other ongoing cases in Los Angeles County Superior Court." *Id.* at 701, n.3. Thus, *Eu* directly contradicts Plaintiff's argument that this action is not moot, as the *Eu* court found the fact the plaintiff was a party to other cases that remained pending in the state court in question was determinative of the issue of mootness.

It is well-settled that "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 365 (5th Cir. 2003). In this case, any opinion by this Court stating the Texas Supreme Court denied Plaintiff due process because of its delay in issuing its opinion, which has already been issued, would absolutely be an impermissible advisory opinion. Plaintiff's counsel admitted at the

hearing that the only prospective relief it still seeks is the chance to have a second bite at the apple—specifically, to file a second motion for rehearing in the Interlocutory Appeal, although the Texas Rules of Appellate Procedure specifically prohibit a second motion for rehearing unless certain specific conditions are met (which are not applicable to this case).  TEX. R. APP. P. 49.5. Plaintiff pointedly does not dispute it has now obtained a final judgment from the Texas Supreme Court, and it admits it may appeal that judgment at any time to the United States Supreme Court.

Considering all the foregoing, the Court finds Plaintiff has not advanced a single reasonable argument, either in its pleadings or at the hearing, which indicates there is any justiciable controversy left in this case now that a final judgment has been entered by the Texas Supreme Court. Defendants' motion to dismiss is therefore GRANTED on the ground of mootness.[5]

### C.   Judicial Immunity

Finally, Defendants also argue Plaintiff's suit is barred by the absolute immunity from suit afforded to judicial officers.  *See* Def.'s Mot. Dismiss [#15] at 7.  Plaintiff did not answer this contention in its response to the initial motion to dismiss.

---

[5]Of course, this also means the Court has no jurisdiction to provide declaratory relief under the Declaratory Judgement Act, 28 U.S.C. §§ 2201 and 2202.  As the Fifth Circuit has explained, a plaintiff meets the standing requirement for a suit brought under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, by establishing "actual present harm or a significant possibility of future harm."  *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) (internal quotations omitted).  The actual controversy must exist "at all stages of review, not merely at the time the complaint is filed."  *Id.* at 358.  The Fifth Circuit has stated "[t]he meaning of 'actual controversy' for the purposes of [the Declaratory Judgment Act] is identical to the meaning of 'case or controversy' for the purposes of Article III."  *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997).  As discussed above, the Texas Supreme Court's entry of a final judgment has rendered Plaintiff's suit moot.  Therefore, Plaintiff is no longer able sustain an "actual controversy" against Defendants within the meaning of either the Declaratory Judgment Act or Article III, and thus does not have standing to bring a claim for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

Judges enjoy absolute immunity from claims for "suits arising out of acts performed in the exercise of their judicial functions." *Price v. Porter*, 351 Fed. Appx. 925 (5th Cir. 2009). Judicial immunity applies even "when the judge is accused of acting maliciously or corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Only two limited exceptions to the doctrine of judicial immunity have been delineated by the United States Supreme Court: actions not taken in the judge's judicial capacity, and "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 355-57, 360 (1978).

However, the Fifth Circuit has clearly stated "judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions." *Johnson v. Bigelow*, 239 Fed. App'x. 865, 865 (5th Cir. 2007) (citing *Holloway v. Walker*, 765 F.2d 517, 525 (5th Cir. 1985)); *Severin v. Parish of Jefferson*, 357 Fed. App'x 601, 605 (5th Cir. 2009) ("judicial immunity does not bar declaratory relief[.]"). Likewise, in *Pulliam v. Allen*, the United States Supreme Court discussed the fact that "injunctive relief against a judge raises concerns different from those addressed by the protection of judges from damages awards," and expressly concluded "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity[.]" 466 U.S. 522, 537, 542-43 (1984).

In this case, the actions of Defendants for which Plaintiff seeks relief were clearly performed in their official capacity as judicial officers, and Plaintiff does not argue the Texas Supreme Court lacked jurisdiction to hear the Interlocutory Appeal. Therefore, if Plaintiff were requesting monetary damages in this suit, its claims would likely be barred by the doctrine of judicial immunity. However, Plaintiff has clearly stated it is seeking only declaratory relief under § 1983—not monetary damages, an injunction, or mandamus relief of any kind. *See* Pl.'s Resp. [#12] at 4 (stating Plaintiff

is "merely seeking the normative force of a declaration from this Court."). Therefore, Plaintiff's suit cannot be dismissed on the basis of judicial immunity because, under Fifth Circuit precedent, "judicial immunity does not bar claims for injunctive or declaratory relief in civil rights actions." *Johnson*, 239 Fed. App'x. at 865. Defendants' motion is therefore DENIED on this ground.

## IV.   Conclusion

In accordance with the foregoing,

IT IS ORDERED that Defendants Wallace B. Jefferson, Nathan L. Hecht, Harriet O'Neill, Dale Wainwright, David Medina, Paul W. Green, Phil Johnson, Don R. Willett, and Eva Guzman's Motion to Dismiss [#10] is DISMISSED as moot.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss the First Amended Complaint [#15] is be GRANTED in part, as to mootness, and DENIED in part, as to all other grounds.

IT IS FINALLY ORDERED that this lawsuit is hereby DISMISSED without prejudice for lack of subject matter jurisdiction.

SIGNED this the 19th day of July 2010.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE